JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1254 JGB (SPx)** | Date | December 6, 2024 |
|---|---|---|---|
| Title | *Leonard Rogoff v. Transamerica Life Insurance Company, et. al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 10); and
                     (2) VACATING the December 9, 2024 Hearing (IN CHAMBERS)

Before the Court is a motion to remand filed by plaintiff Leonard Rogoff. ("Motion," Dkt. No. 10.) The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the hearing set for December 9, 2024.

## I.   BACKGROUND

**A.   Procedural History**

On May 8, 2024, Plaintiff Leonard Rogoff ("Plaintiff") filed a putative class action complaint in the Superior Court of California for the County of Riverside against defendant Transamerica Life Insurance Company ("Defendant" or "TLIC") and Does 1 through 10, inclusive. ("Complaint," Dkt. No. 1-1.) The Complaint alleges one cause of action: violation of California's Unfair Competition Law ("UCL"). (Id. ¶¶ 70-81.) Plaintiff seeks the equitable remedies of restitution and an injunction "in lieu of other claims or remedies [Plaintiff] may have at law." (Id. ¶ 80.)

On June 14, 2024, Defendant removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). ("NOR," Dkt. No. 1.) On July 15, 2024, Plaintiff filed this Motion. (See

Motion.)  Defendant opposed the Motion on August 19, 2024.  ("Opposition," Dkt. No. 12.)  On August 26, 2024, Plaintiff filed a reply.  ("Reply," Dkt. No. 13.)

**B.   Plaintiff's Allegations**

In summary, Plaintiff alleges Defendant violated California Insurance Code sections 10113.71 and 10113.72 ("The Statutes") when attempting to terminate his life insurance policy.  (Complaint ¶¶ 1-15.)  The Statutes generally require that life insurers provide: (1) a 60-day grace period (10113.71(a)); (2) sufficient notice of missed premium and "of pending lapse and termination" prior to the effective termination date (10113.71(b)); and (3) an annual opportunity to designate a third party to receive notice of a potential termination of benefits for nonpayment of a premium (10113.72).  See Cal. Ins. Code, § 10113.71-.72; McHugh v. Protective Life Insurance Co., 12 Cal.5th 213, 220 (2021).  Plaintiff alleges Defendant terminated his life insurance policy because he was short $15.25 on his monthly premium payment as a result of a premium increase of which Plaintiff alleges he did not receive notice.  (Complaint ¶ 50.)  Plaintiff further alleges Defendant failed to provide the mandated 60-day grace period, failed to provide sufficient written notice of the pending termination, and failed to provide Plaintiff with an opportunity to designate a third party to receive lapse notices.  (Id. ¶¶ 52-57.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014).

Under CAFA, a district court has diversity jurisdiction over any class action involving at least 100 class members in which there is minimal diversity—that is, any one plaintiff is a citizen of a different state than any one defendant—and the amount in controversy exceeds five million dollars.  See 28 U.S.C. §§ 1332(d)(2), (5).  There is no anti-removal presumption in cases removed pursuant to CAFA.  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) ("CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant") (citations and quotations omitted).  However, the proponent of removal still has the burden of establishing that the action is removable.  See Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (holding that "CAFA did not shift to the plaintiff the burden of establishing that there is no removal jurisdiction in federal court").

## III.   DISCUSSION

Plaintiff moves to remand on the grounds that this Court does not have equitable jurisdiction over Plaintiff's claim for equitable relief under the UCL. (Motion at 2.) Defendant opposes, arguing (1) Plaintiff seeks damages, not restitution and (2) Plaintiff's claim for injunctive relief alone creates standing. (See Opposition.)

Equitable jurisdiction, much like subject matter jurisdiction, is a limitation on federal courts. See Schlesinger v. Councilman, 420 U.S. 738, 754 (1975). Equitable jurisdiction is concerned with "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." Id. Although equitable jurisdiction is distinct from subject matter jurisdiction, both are "antecedent to hearing a claim on the merits." Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021). Therefore, whenever a federal court is presented with an equitable claim, it must first determine whether it possesses equitable jurisdiction before it can address the merits. See Guzman v. Polaris Indus., 49 F.4th 1308, 1314 (9th Cir. 2022).

Plaintiff relies on Sonner v. Premier Nutrition Corp., for the proposition that this Court lacks equitable jurisdiction over his claims. 971 F.3d 834, 844 (9th Cir. 2020). In Sonner, the Ninth Circuit held that federal courts sitting in in diversity lack equitable jurisdiction to award restitution under the UCL, unless the plaintiff establishes that they have no adequate remedy at law. Id. Courts in this Circuit have applied Sonner's inadequate-remedy-at-law requirement to remand equitable claims pled in putative class actions under the UCL. See, e.g., Guthrie, 561 F. Supp. 3d 869; Clevenger v. Welch Foods Inc., 2023 WL 2390630, at *3 (C.D. Cal. Mar. 7, 2023).

Here, Plaintiff does not allege he lacks an adequate legal remedy, "nor does he intend to." (Motion at 6; see also Complaint ¶ 80.) Instead, Plaintiff argues this Court lacks equitable jurisdiction and must remand his case to Riverside Superior Court, precisely because Plaintiff *chooses* to seek only equitable remedies. (Id.) This Court considers each of the equitable remedies sought in turn.

**A. Equitable Jurisdiction over Plaintiff's Claim for Restitution**

Defendant argues that "despite Plaintiff's label of 'restitution,' Plaintiff actually seeks an award of damages that no California court would recognize as restitution." (Opposition at 8 ("neither Sonner nor the cases interpreting it have addressed whether a court's equitable jurisdiction must be invoked in order to retain jurisdiction over an allegedly equitable claim that failed to actually seek equitable relief").) The Complaint states that the economic injury suffered by Plaintiff and the putative class includes "lost policy benefits, wrongfully collected or inflated premiums, and/or diminution of the value of their insurance policies." (Complaint ¶ 77.) Defendant argues these forms of relief are not restitution under California law. (Opposition at 6-7.) Defendant then asks this Court to interpret Plaintiff's Complaint as seeking damages for breach of contract, and to exercise jurisdiction on that basis. (Opposition at 8.)

The Court declines to rewrite Plaintiff's Complaint. Plaintiff does not plead breach of contract. (See Complaint.) Whether Plaintiff adequately states a claim for restitution is a

separate matter better suited for a motion to dismiss.  (See Reply at 3 ("The question here is not whether Plaintiff has stated a claim for restitution, but really, *which court should decide* whether Plaintiff has stated a claim.  Defendant's attacks fail to answer that question.").)

For the Court to exercise equitable jurisdiction to award restitution under the UCL, Plaintiff must "plausibly allege[] the inadequacy of remedies at law." Cepelak v. HP Inc., 2021 WL 5298022, at *3 (N.D. Cal. Nov. 15, 2021).  Whether Plaintiff elected to forgo available legal remedies is irrelevant to the inquiry.  See Linton v. Axcess Fin. Servs., Inc., 2023 WL 4297568, at *2 (N.D. Cal. June 30, 2023) (finding the court lacked equitable jurisdiction over a plaintiff's restitution claim where the plaintiff "argues that, while she could have sought legal remedies, such as damages for usury, she elected not to do so.").  Because Plaintiff did not plead he lacks an adequate legal remedy, the Court lacks jurisdiction over Plaintiff's restitution claim.

**B.     Equitable Jurisdiction over Plaintiff's Claim for Injunctive Relief**

The Complaint seeks an injunction (1) requiring Defendant to "reviv[e]" Plaintiff's and the putative class members' policies and (2) preventing Defendant's further noncompliance with The Statutes.  (FAC ¶¶ 78–79.)  Courts applying Sonner are split on its applicability to other equitable remedies, including injunctive relief.  See Kryzhanovskiy v. Amazon.com Servs., Inc., 2022 WL 2345677, at *4 (E.D. Cal. June 29, 2022) (noting split in authority).  However, many courts have held that "[m]oney damages are an inadequate remedy for future harm" only remediable by injunctive relief.  Andino v. Apple, Inc., 2021 WL 1549667, at *5 (E.D. Cal. Apr. 20, 2021); see also Brooks v. Thomson Reuters Corp., 2021 WL 3621837, at *10 (N.D. Cal. Aug. 16, 2021) ("The holding in Sonner applies only to equitable *restitution* for *past* harm under the UCL, not to an *injunction* for *future* harm."); Steen v. Am. Nat'l Ins. Co., 609 F. Supp. 3d 1066, 1076 (C.D. Cal. 2022) ("Plaintiffs will not be made whole even if they succeed on their breach of contract claim because contract damages would remedy past alleged harm without addressing the threat of continuing harm."); Zeiger v. WellPet LLC, 526 F. Supp. 3d 652, 686–87 (N.D. Cal. 2021) ("monetary damages for past harm are an inadequate remedy for the future harm [at which] an injunction under California consumer protection law is aimed").

Defendant argues that Sonner does not apply to requests for injunctive relief and accordingly does not negate the Court's ability to exercise jurisdiction over Plaintiff's injunctive relief claim.  (Opposition at 10.)  Plaintiff argues that the Court need not determine whether Sonner extends to injunctive relief—the Court must remand because Plaintiff lacks Article III standing to pursue his claim for injunctive relief in federal court.  (Reply at 8-10.)  The Court agrees.

To demonstrate Article III standing, a plaintiff must establish (1) that she has suffered an injury in fact, (2) that her injury is fairly traceable to a defendant's conduct, and (3) that her injury would likely be redressed by a favorable decision.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).  To have standing to bring a claim for injunctive relief, a plaintiff must plead a "threat of injury [that is] actual and imminent, not conjectural or hypothetical." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (quoting Summers v. Earth Island Inst.,

555 U.S. 488, 493 (2009)).  Past wrongs, by themselves, are insufficient to establish standing for injunctive relief.  See id.  Rather, the plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way."  Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

Plaintiff's Complaint alleges no imminent or actual threat of future harm.  Plaintiff has not pled that he is "for example, the beneficiary of another life insurance policy with Defendant" (Reply at 10) or that he in danger of having his life insure policy canceled twice (Id. at 8).  See Linton v. Axcess Fin. Servs., Inc., 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023) (finding lack of standing and remanding where the defendant "points to [plaintiff's] allegations in her complaint that she has suffered harm . . . [that] 'will continue' '[u]nless enjoined and restrained by this Court,' as a basis for Article III standing" because "this statement does not indicate [plaintiff's] intention to obtain another loan from [defendant], which is what Davidson requires.").  Accordingly, Plaintiff lacks Article III standing to bring his claim for injunctive relief.

Because the Court lacks equitable jurisdiction over Plaintiff's restitution claim and Plaintiff lacks Article III standing to bring her claim for injunctive relief, the Court remands the case to state court.

### C.     CONCLUSION

!

For the above reasons, the Court **GRANTS** Plaintiff's Motion (Dkt. No. 10) and **REMANDS** this action to the California Superior Court for the County of Riverside.  The Court **VACATES** the December 9, 2024 hearing.

**IT IS SO ORDERED.**